## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## COURT FILE NO:  CV-

| | | |
|---|---|---|
| **ROBERTA E. HOFFMAN, an individual** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **COMPLAINT** |
| **REDLINE RECOVERY SERVICES, LLC** | ) | |
| **and** | ) | |
| **PATRICIA MURKO** | ) | |
| **Defendant** | ) | **JURY TRIAL** |
| | ) | **DEMANDED** |

## COMPLAINT

## I.  JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2.     Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

## II.  PARTIES

3.     Plaintiff, Roberta E. Hoffman ("Plaintiff"), is a natural person who resides at 2229 S. Harwood Avenue, Upper Darby, PA 19082 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4.      Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.      Defendant Redline Recovery Services, LLC ("Redline") is a corporation whose address is listed as 11675 Rainwater Drive, Suite 350, Alpharetta, GA 30009 and, at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and through its owners, managers, officer, shareholders, authorized representatives, attorneys, partners, employees, agents and/or workmen.

6.      Defendant Redline, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

7.      Defendant, Patricia Murko ("Murko"), is, at all times relevant to this Complaint, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3. and is, upon information and belief, an owner, manager, officer, partner, shareholder, attorney, authorized representative, employee, agent and/or workman of Redline and, acting within the course and scope of his employment and/or business relationship with Redline, is located at or through Redline's,  office address at 11675 Rainwater Drive, Suite 350, Alpharetta, GA 30009.

8.      Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection

of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

9.      At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

### III.  FACTUAL ALLEGATIONS

10.     On or about August 11, 2011, Plaintiff spoke with Defendant Murko, who identified herself as a representative of Defendant Redline.

11.     During the aforestated telephone conversation, Defendant Murko told Plaintiff that if Plaintiff did not settle her account by August 31, 2011, Defendant Redline would pursue legal action, including possible wage garnishment or a lien on Plaintiff's home.

12.     Based upon Defendant Murko's threat, Plaintiff agreed to a one-time, good faith payment of $100.00, to be electronically deducted from Plaintiff's bank account on August 15, 2011.

13.     Plaintiff subsequently received a letter from Defendant Redline, dated August 11, 2011, confirming that the $100.00 electronic payment would be debited from Plaintiff's bank account on August 15, 2011.  A true and correct copy of the aforestated letter is attached hereto as Exhibit "A."

14.     On August 31, 2011, Defendant Redline attempted to electronically withdraw $5,940.00 from Plaintiff's bank account without prior authorization or consent from Plaintiff, resulting in

an overdraft in Plaintiff's bank account in excess of $5,500.00.  A true and correct copy of

Plaintiff's bank account activity for August 31, 2011 is attached hereto as Exhibit "B."

15.     Defendants' actions as aforestated were deceptive, misleading and fraudulent under the

FDCPA in that:

        a)      Defendants never intended to pursue legal action in that Defendant is not a law

firm;

        b)      There was no judgment, therefore, Defendant could not place a lien on

Plaintiff's house;

        c)      It is unlawful to garnish wages in Pennsylvania for this type of account; and

        d)      Defendants attempted to withdraw funds from Plaintiff's account without her

consent and permission.

16.     In addition to violating the FDCPA, Defendant Redline's  withdrawal of money from

Plaintiff's account, without her consent or permission, is a violation of Regulation Z-12 C.F.R.

§226.12(d)(3) which mandates that all such withdrawals must be in writing.

### IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

17.     Plaintiff incorporates her allegations of paragraphs 1 through 16 as though set forth at

length herein.

18.     Defendants' actions as aforestated are false, deceptive, material and misleading to

Plaintiff as follows:

        (a)      Defendants violated 15 U.S.C. § 1692d by engaging in any conduct the natural

consequence of which is to harass, oppress, or abuse any person.

(b)    Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection.

(c)    Defendants violated 15 U.S.C. § 1692f by utilizing any unfair or unconscionable means to collect or attempt to collect the alleged debt.

(d)    Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

(e)    Defendants violated 15 U.S.C. § 1692f(5) by causing any charges to be made to the consumer, e.g. overdraft fees.

19.    As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

20.    As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

21.    Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

22.    As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

23.    Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

25.     As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Roberta E. Hoffman, prays that judgment be entered against each and every Defendant for the following:

(1)     Actual damages;

(2)     Statutory damages in the amount of $1,000.00;

(3)     Reasonable attorney's fees and costs;

(4)     Declaratory judgment that the Defendants' conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

26.     Plaintiff incorporates her allegations of paragraphs 1 through 25 as though set forth at length herein.

27.     Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Roberta E. Hoffman, prays that judgment be entered against each and every Defendant for the following:

        (1)      An Order declaring that Defendants violated the FCEU;

        (2)      Actual damages;

        (3)      Treble damages;

        (4)      Reasonable attorney's fees and costs;

        (5)      Such other and further relief that the Court deems just and proper.

## **COUNT III**
## **VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW**
## **("UTCPL"), 73 Pa. C.S § 201-1, et. seq.**

28.     Plaintiff incorporates her allegations of paragraphs 1 through 27 as though set forth at length herein.

29.     Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

30.     Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants include, but are not limited to, the following:

        Defendants engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

31.     Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Roberta E. Hoffman prays that judgment be entered against each and every Defendant for the following:

(1)     An Order declaring that Defendants violated the UTCPL

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

32.     Plaintiff incorporates her allegations of paragraphs 1 through 31 as though set forth at length herein.

33.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com

*Attorney for Plaintiff, Roberta E. Hoffman*